**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Kathy Lynn MUNROE, Respondent.**

**No. 95–SC–1115–KB.**

Supreme Court of Kentucky.

March 21, 1996.

Bruce K. Davis, Jay R. Garrett, Kentucky Bar Association, Frankfort, for Complainant.

Kathy Lynn Munroe, Radcliff, pro se.

## OPINION AND ORDER

STEPHENS, Chief Justice.

Kathy Lynn Munroe of Radcliff, Kentucky has been found guilty of unethical and unprofessional conduct by the Board of Governors of the Kentucky Bar Association because she significantly delayed the resolution of a divorce action involving her client by failing to file a position paper as required by an order of the Domestic Relations Commissioner in violation of SCR 3.130–1.3 and SCR 3.130–3.2, which provide that a lawyer shall act with reasonable diligence in representing a client and that a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

By a vote of 13 to 1, the Board of Governors found the respondent guilty and recommended that Kathy Lynn Munroe be suspended from the practice of law for three (3) months.

In 1993, Munroe was employed in a divorce proceeding. The Domestic Relations Commissioner of Hardin County recommended the dissolution of marriage and joint custody for the minor child. The Commissioner ordered counsel for both parties to file position papers. Attorney Munroe did not file the position paper as required. She contends that she afforded good representation to her client but that he owed her $1,500 which he refused to pay and that he had not paid the fee of the Domestic Relations Commissioner which in turn had caused her to be unable to obtain sufficient documentation to file the position paper. The client responded by stating that he had paid the lawyer $1,740 and that he had also paid $400 to the Domestic Relations Commissioner for his fee in full by November 30, 1994. The client stated

that he had stopped paying the lawyer when she began to ignore his calls and letters.

The Inquiry Tribunal of the Kentucky Bar Association reviewed the matter and based its charges on an affidavit signed by the Domestic Relations Commissioner to the effect that the report which he filed on June 19, 1995 was substantially delayed by reason of the failure of Munroe to file the position paper. The ultimate entry of divorce and the award of joint custody was also delayed because the Commissioner's Report was delayed. The client was particularly interested in joint custody.

Although she responded to the preliminary investigation of this matter, the lawyer has not answered the charge preferred by the Inquiry Tribunal against her before the Kentucky Bar Association. She was advised of the charge by certified mail and by service from the Sheriff of Hardin County. She was further advised that the case would proceed by default if she did not answer. She did not answer and the case was submitted to the Board of Governors for decision on the record. Thereafter the Board of Governors of the Kentucky Bar Association determined by a vote of 13 to 1 that respondent was guilty of the charges as preferred. The Board also recommended that she be suspended from the practice of law for three (3) months.

After the Board found guilt, the history of prior discipline was considered and three private admonitions, one in 1990, one in 1993 and another in 1995 were entered into the record.

Having reviewed the record and considered the recommendation of the Board of Governors, the Court finds as follows:

IT IS ORDERED THAT:

1) Kathy Lynn Munroe is hereby suspended from the practice of law in the Commonwealth of Kentucky as of the date of this order for a period of three (3) months, and until such further time as she is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

The respondent is directed to pay the costs of this action in the amount of $58.66.

2) Pursuant to SCR 3.390, within ten days of the entry of this order, Kathy Lynn Munroe shall notify all courts in which she has matters pending, and all clients for whom she is actually engaged in litigation and similar legal matters, of her inability to continue to represent them and of the necessity of promptly obtaining new counsel. Such notification shall be by letter duly placed in the United States Mail, and she shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association.

GRAVES, KING, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.